UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **JERRY PECK** | **CIVIL ACTION NO. 18-1531** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| **JAMES M. LEBLANC** | **MAG. JUDGE KAREN L. HAYES** |

<u>**REPORT AND RECOMMENDATION**</u>

Petitioner Jerry Peck, who proceeds pro se, filed the instant Petition for Writ of Habeas Corpus on March 21, 2018, under 28 U.S.C. § 2241. [doc. # 1, p. 9]. He challenges his release on parole and seeks, primarily, release from incarceration free from all terms and conditions of parole.[1] For reasons that follow, it is recommended that Petitioner's Petition be denied and dismissed with prejudice as time-barred under 28 U.S.C. § 2244(d)(1).

<u>**Background**</u>

On June 26, 1985, Petitioner pled guilty to simple burglary of an inhabited dwelling, and a trial judge for the Fifth Judicial District Court, Parish of West Carroll, sentenced him to five years of imprisonment "to run concurrent with any sentence previously imposed . . . ." [doc. # 1-2, p. 10]. On August 5, 1986, following another conviction for simple burglary, a trial judge for the Fourth Judicial District Court, Parish of Morehouse, sentenced Petitioner to twelve years of imprisonment "to run consecutive with any other sentence . . . ." *Id.* at 7.

Petitioner was released from incarceration "as if released on parole" on April 1, 1993,

---

[1] This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the Court.

under Louisiana Revised Statute § 15:571.5(A).[2]  [doc. # 1-1, p. 3].  On February 7, 2018, he appealed the decision to release him on parole to the Louisiana Department of Public Safety and Corrections ("DPSC"), but, on March 8, 2018, the DPSC denied his appeal.  [doc. # 1, p. 2].  He did not pursue further appellate or collateral review.  [doc. # 1, pp. 3-6].

Petitioner essentially claims that, instead of parole, he should have been released unconditionally.  He alleges that, on January 10, 1987, he entered an agreement with the DPSC, entitled "Good Time Rate Option and Approval Form," in which he agreed to forego his incentive wages in exchange for a diminution of sentence in the form of good-time credit earned at a rate of 30 days of credit for every 30 days in custody.  [doc. # 1-1, pp. 3-29].  The "contract," as Petitioner refers to it, did not state that, on earning good-time credit, he would be released subject to parole supervision.  *Id.* at 22.  He claims that he fulfilled his agreement and earned 6.5 years of good-time credit for the 6.5 years he was incarcerated.  *Id.* at 30.  He also claims that, by foregoing incentive wages, he bought good-time credit and, by extension, unconditional release.  *Id.* at 19-21, 25.  Under his logic, he "diminished" or reduced his sentence and, because he served the entire reduced sentence, he was entitled to unconditional release.[3]  *Id.* at 3, 9.

---

[2] LA. REV. STAT. § 15:571.5(A) provides, "When a prisoner committed to the Department of Public Safety and Corrections is released because of diminution of sentence pursuant to this Part, he shall be released as if released on parole."

[3] Under the current version of LA. REV. STAT. § 15:571.3(A)(1), entitled "Diminution of sentence for good behavior": "Every prisoner in a parish prison convicted of an offense and sentenced to imprisonment without hard labor . . . may earn a diminution of sentence, to be known as 'good time', by good behavior and performance of work or self-improvement activities, or both. The amount of diminution of sentence allowed under this Paragraph shall be at the rate of thirty days for every thirty days in actual custody . . . ." Similarly, under Section 15:571.3(B)(1)(a), "every offender in the custody of the department who has been convicted of a

Apparently in the alternative, Petitioner argues that, to the extent the contract he signed entitled him to parole only, the Louisiana Board of Pardons and Parole ("the Board") cannot enforce the contract because the Board did not sign it. *Id.* at 30.

Relatedly, Petitioner claims that, on approximately March 1, 1993, he was forced to choose between remaining incarcerated or signing a second "contract," entitled "Certificate of Parole," and agreeing to release subject to parole conditions. *Id.* at 16, 28, 30. He construes this as a form of duress and claims that the second contract is a nullity under Louisiana law. *Id.* at 20. He adds that the second contract "breaches the first contract because it takes away any diminution of sentence and makes [him] forfeit his good time credits promised in the first contract." *Id.* at 30 (emphasis omitted).

Petitioner also challenges the constitutionality of LA. REV. STAT. § 15:571.5, claiming that it violates due process, that its application results in double jeopardy,[4] that it violates his right to equal protection, and that it violates the Ex Post Facto Clause. *Id.* at 2.

Finally, Petitioner claims that either one or both of the sentencing judges failed to inform him that, if he earned good-time credit, he would be released as if released on parole rather than released unconditionally. *Id.* at 22.

Petitioner seeks release from incarceration following his parole revocation, release free from all terms and conditions of parole, a stay of Louisiana Board of Parole proceedings,

---

felony . . . and sentenced to imprisonment for a stated number of years or months, may earn, in lieu of incentive wages, a diminution of sentence by good behavior and performance of work or self-improvement activities, or both, to be known as 'good time'."

[4] He reasons that, because he earned good-time credits, served his sentence, and obtained a liberty interest in unconditional release, the imposition of parole conditions amounted to "an additional punishment." [doc. # 1-1, pp. 4, 6].

reimbursement for his parole fees, a declaration that LA. REV. STAT. § 15:571.5 is unconstitutional, and compensation for lost wages, pain, and suffering. [doc. #s 1, p. 8; 1-1, pp. 2, 33].

## Law and Analysis

Title 28 U.S.C. § 2244(d)(1) provides a one-year statute of limitations for filing habeas corpus applications by persons in custody pursuant to the judgment of a state court. The limitation period in 28 U.S.C. § 2244(d) "run[s]" from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1); see *Johnson v. Davis*, 697 F. App'x 274, 275 (5th Cir. 2017) (opining, where a petitioner argued that "conditions of parole should not have been imposed in connection with his 1976 convictions because the sentences were fully discharged at the time he was placed on parole in 2012," that the district court did not err in applying 28 U.S.C. § 2244(d)(1) and finding the petitioner's claim time barred.[5]

Here, Petitioner does not challenge the validity of his conviction. [doc. # 1, p. 2].

---

[5] See also *Reynolds v. Cain*, 2010 WL 3396889, at *2 (M.D. La. July 20, 2010), report and recommendation adopted, 2010 WL 3396890 (M.D. La. Aug. 25, 2010) ("Section 2241 claims are subject to a one (1) year period of limitation outlined in 28 U.S.C. § 2244(d).").

Rather, he challenges only the imposition of parole and the accompanying conditions. Section 2244(d)(1)(D) applies to "claims predicated on parole decisions." *Goodwin v. Dretke*, 118 F. App'x 817, 818 (5th Cir. 2004) ("*Goodwin II*"); see *Goodwin v. Dretke*, No. 02-41690 (5th Cir. June 19, 2004) ("*Goodwin I*").[6] In that respect, Petitioner could have discovered the factual predicate of his claim—that he was subject to conditions of parole—on March 1, 1993, when an "agent" presented him a "Certificate of Parole" and informed him that, if he did not sign it, he would remain incarcerated. [doc. # 1-1, pp. 16, 28]. At the latest, Petitioner could have discovered the factual predicate of his claim on April 1, 1993, when he was released on parole.[7]

---

[6] See also *Graves v. Dretke*, 2005 WL 2778543, at *2 (N.D. Tex. Oct. 25, 2005), report and recommendation adopted, 2005 WL 3107689 (N.D. Tex. Nov. 18, 2005) (observing in a case involving parallel allegations that, because the petitioner's "claims relate to circumstances surrounding his placement on, and later removal from, mandatory supervision, the limitations period began to run on 'the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.'"); *Simmons v. Wilkinson*, 2008 WL 521366, at *2 (W.D. La. Feb. 6, 2008) ("[S]ince petitioner did not challenge his underlying conviction, . . . the limitations period for any attack on the revocation of his parole began on 'the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.'"); *Bernard v. Hunter*, 2006 WL 2506140, at *2 (E.D. La. Aug. 29, 2006) ("[F]or § 2241 applications challenging parole decisions, the one-year period is measured not from the finality of the defendant's underlying conviction under § 2244(d)(1)(A), but from the date on which the factual predicate of the parole challenge could have been discovered through the exercise of due diligence."); *Williams v. 19th Judicial E. Baton Rouge*, 2012 WL 1014819, at *3 (E.D. La. Jan. 27, 2012), report and recommendation adopted, 2012 WL 1014831 (E.D. La. Mar. 23, 2012); *Robinson v. Sec'y, Dep't of Corr.*, 2017 WL 2559659, at *3 (M.D. Fla. June 13, 2017).

[7] See *Johnson v. Drew*, 2016 WL 1408111, at *3 (N.D. Tex. Apr. 6, 2016), aff'd in part, vacated in part, remanded sub nom, *Johnson v. Davis*, 697 F. App'x 274 (5th Cir. 2017) (finding, where a petitioner challenged his release on parole, that the limitations period "began to run . . . [on] the date petitioner was released to parole . . . ."); *Serrano v. Louisiana*, 2010 WL 2696852, at *7 (E.D. La. May 24, 2010), report and recommendation adopted, 2010 WL 2696855 (E.D. La. June 30, 2010) (finding that "the one-year statute of limitations would begin to run on November 30, 2003, the day after [the petitioner] was released on parole and should have been aware of the DOC's calculation errors.").

5

[doc. # 1-1, p. 3].[8]  Thus, Petitioner ordinarily had one year, or until April 1, 1994, to file a federal habeas corpus petition.

However, because Petitioner's claims would "otherwise be time-barred prior to the April 24, 1996 effective date" of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Petitioner was entitled to a one-year grace period from that effective date, or until April 24, 1997 to file a federal habeas corpus petition.  See *Flanagan v. Johnson*, 154 F.3d 196, 200 (5th Cir. 1998).[9]  Petitioner did not file the instant Petition until March 21, 2018.  Thus, his claims are barred by the one-year limitation period unless he extended the April 24, 1997 deadline through statutory or equitable tolling.

**I. Statutory Tolling**

The statutory tolling provision in 28 U.S.C. § 2244(d)(2) provides, "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation . . . ."  However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitations period, *Flanagan*, 154 F.3d at n.1, and the limitation period is tolled only as long as the state application remains pending, *Johnson v. Quarterman*, 483 F.3d 278, 285 (5th Cir. 2007).

---

[8] Nothing in the record suggests that any state-created impediments prevented the filing of this Petition.  See 28 U.S.C. § 2244(d)(1)(B).  In addition, Petitioner's claims do not rely on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review.  See *id.* § (d)(1)(C).

[9] See also *Carter v. Dir., TDCJ-CID*, 2008 WL 1734824, at *4 (E.D. Tex. Apr. 11, 2008) (utilizing 28 U.S.C. § 2244(d)(1)(D) where a petitioner challenged his parole revocation, and applying the one-year grace period recognized in *Flanagan*).

Here, Petitioner did not statutorily toll the limitation period. He alleges that, on February 7, 2018, he appealed the decision to impose conditions of parole to the DPSC and that, on March 8, 2018, the DPSC denied his appeal. [doc. # 1, p. 2]. Even assuming an appeal to the DPSC could toll the statute of limitations, Petitioner did not toll the limitations period because he filed the appeal after the limitations period expired on April 24, 1997. See *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (finding that a petitioner's "state habeas application did not toll the limitation period under § 2244(d)(2) because it was not filed until after the period of limitation had expired."); *Farrel v. Johnson*, 189 F.3d 470 (5th Cir. 1999). Accordingly, the instant Petition is untimely and should be dismissed absent rare and exceptional circumstances.

## II. Equitable Tolling

The one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. See *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *U.S. v. Wheaten*, 826 F.3d 843, 851 (5th Cir. 2016). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Fla.*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Nothing supports equitable tolling here. Accordingly, the Petition is untimely under 28

U.S.C. § 2244(d)(1)(D).

### III. Monetary Relief

Petitioner's requests for monetary relief are not cognizable in this habeas action; rather, they are only cognizable in a civil rights proceeding under 42 U.S.C. § 1983. See *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973) ("If a state prisoner is seeking damages, he is attacking something other than the fact or length of his confinement, and he is seeking something other than immediate or more speedy release—the traditional purpose of habeas corpus. In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy.").

"[I]n instances in which a petition combines claims that should be asserted in habeas with claims that properly may be pursued as an initial matter under § 1983, and the claims can be separated, federal courts should do so, entertaining the § 1983 claims." *Serio v. Members of La. State Bd. of Pardons*, 821 F.2d 1112, 1119 (5th Cir. 1987). Here, Petitioner presents inseparable claims: while he seeks habeas relief and monetary compensation, the claims for which he seeks these forms of relief are identical. Thus, the Court should decline to redesignate Petitioner's pleading as a civil rights complaint. Moreover, redesignating the pleading would obligate Petitioner to pay an additional filing fee. Petitioner alone must decide if he wishes to pursue monetary relief in a separate civil rights proceeding.

If Petitioner desires to pursue a civil rights action, he must file a separate proceeding under 42 U.S.C. § 1983, utilizing the appropriate complaint form. Petitioner should be cognizant that, to file a separate civil rights proceeding, he must either pay the requisite filing fee or submit

a properly executed application to proceed in forma pauperis.[10]  Petitioner should likewise be cognizant that, under *Heck v. Humphrey*, 512 U.S. 477 (1994), a successful civil rights action that would necessarily imply the invalidity of a plaintiff's conviction or sentence must be dismissed unless the plaintiff first shows that the conviction or sentence has been reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus.

Accordingly, as Petitioner's requests for monetary relief are not cognizable in a federal habeas corpus action, they should be dismissed.

## Conclusion

For the reasons stated above, **IT IS RECOMMENDED** that Petitioner Jerry Peck's Petition for habeas corpus, [doc. #s 1, 5], be **DENIED and DISMISSED WITH PREJUDICE** as time-barred under 28 U.S.C. § 2244(d)(1).

**IT IS FURTHER RECOMMENDED** that Petitioner's claims for monetary relief be **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that Petitioner's Motion for Production of Documents, [doc. # 3], and Motion for Stay of State Proceedings and Declaratory Judgment, [doc. # 4], be **DENIED AS MOOT**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Report and Recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may

---

[10] Petitioner is advised that the cost of litigating a civil rights complaint under Section 1983 is significantly higher than the cost of litigating a habeas corpus petition.

respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the District Judge at the time of filing. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before the Judge makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, Monroe, Louisiana, this 10th day of December, 2018.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE